UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAM WRIGHT, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARI M. DOMINGUEZ, )<br>)<br>Chair, United States Equal )<br>Employment Opportunity )<br>Commission, )<br>)<br>Defendant. )<br>) | Civil Action No. 04-1205 (RMC) |

### MEMORANDUM OPINION

Plaintiff Sam Wright, Jr., proceeding *pro se*, brings this action against Cari M. Dominguez, Chair of the Equal Employment Opportunity Commission ("EEOC"), seeking to invalidate EEOC procedural regulations governing the processing of equal employment opportunity complaints and appeals. Mr. Wright argues that the EEOC: (1) improperly denied his administrative petition to repeal these rules; (2) failed to provide public notice of its proposed rulemaking before originally adopting its final procedural rules in 1979; and (3) failed to provide public notice of its proposed rulemaking before enacting amendments to these rules in 2004. Before the Court is the EEOC's motion to dismiss, or, in the alternative, motion for summary judgment, and Mr. Wright's opposition thereto. Because Mr. Wright has failed to establish Article III standing, the Court will grant the motion to dismiss, although on different grounds than those offered by the EEOC. *See, e.g., ANR Pipeline Co. v. FERC*, 205 F.3d 403, 407-08 (D.C. Cir. 2000) (holding that the court is obliged to question plaintiff's standing *sua sponte* even when defendants have not); *Doe v. District*

Case 1:04-cv-01205-RMC   Document 9   Filed 09/27/05   Page 2 of 7

*of Columbia*, 216 F.R.D. 5, 9 (D.D.C. 2003) ("Though the question of standing has been inadequately explored by the parties, because the question is jurisdictional in nature, the court must address it, nonetheless.").

## I. LEGAL STANDARDS

To establish Article III standing, a plaintiff must demonstrate that: "(1) he has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000), and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Mudd v. White*, 309 F.3d 819, 823 (D.C. Cir. 2002) (quoting *Defenders of Wildlife*, 504 U.S. at 560-61).

"[T]he burden of production a plaintiff must bear in order to show it has standing to invoke the jurisdiction of the district court varies with the procedural context of the case." *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002). "On a motion for summary judgment, . . . the plaintiff can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Id.* at 899 (quoting *Defenders of Wildlife*, 504 U.S. at 561) (internal quotation marks omitted). However, "[a]t the pleading stage, 'general factual allegations of injury resulting from the defendant's conduct


may suffice,' and the court 'presumes that general allegations embrace the specific facts that are necessary to support the claim.' " *Id.* at 898-99 (quoting *Defenders of Wildlife*, 504 U.S. at 561). Here, because the EEOC has not challenged standing, and therefore Mr. Wright has not had occasion to adduce affidavits in support of his claim, the Court evaluates the sufficiency of his standing allegations at the pleading stage, on the basis of his complaint alone.

The Court may grant a motion to dismiss only when the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). At this early stage, the "complaint must be liberally construed in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citation and internal quotation marks omitted). However, the Court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Comms. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## II. DISCUSSION

Mr. Wright claims that the EEOC violated the Administrative Procedure Act ("APA") and the Fifth Amendment, first in failing to publish notice of proposed rulemakings, and then in failing to provide grounds for its denial of his petition to repeal the rules adopted thereby. It is well established that a challenge to an agency's failure to abide by a procedural requirement "may compel a court to pay particular attention to those components of standing that ensure the proper parties are before the court." *Florida Audubon Soc'y v. Bentsen*, 94 F.3d 658, 664 (D.C. Cir. 1996). In such cases, the standing requirement "serves to distinguish a person with a direct stake in the outcome of

a litigation—even though small—from a person with a mere interest in the problem." *United States v. Students Challenging Regulatory Agency Procedures* ("*SCRAP*"), 412 U.S. 669, 689 n.14 (1973).

### A. Standing to Challenge the EEOC's Denial of his Petition

By letter to the EEOC dated April 7, 2004, Mr. Wright stated his intent to petition[1] for repeal of: (1) the final rule published at 43 Fed. Reg. 60,900 (Jan. 1, 1979); (2) the final rule published at 52 Fed. Reg. 41,920 (Oct. 30, 1987); and (3) any final rule that revised 29 C.F.R. §§ 1613 or 1614. This letter also requested "a copy of the regulations or procedure[s] in use for petitioning the EEOC for repeal of a rule." Dkt. #5, Exh. 1. The EEOC concedes that it denied Mr. Wright's request on July 6, 2004. EEOC Statement of Facts at 3. In Count I, Mr. Wright complains that the EEOC ran afoul of § 553(e) of the APA by failing to provide grounds for its denial.[2]

Section 553(e) "requires agencies to give interested parties the right to petition for the issuance, amendment, or repeal of a rule." *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 948 (D.C. Cir. 2004) (citing 5 U.S.C. § 553(e)). It further provides that "an agency shall give prompt notice and a brief explanation of the grounds for the denial of such a petition." *Id.* However, petitioners "may be 'interested parties' under the statute, and therefore be able to petition the agency, and yet not have Article III standing." *Gettman v. DEA*, 290 F.3d 430, 433 (D.C. Cir. 2002) (citing *Fund Democracy LLC v. SEC*, 278 F.3d 21, 27 (D.C. Cir. 2002)); *see also Shipbuilders Council of America v. United States*, 868 F.2d 452, 456 n.3 (D.C. Cir. 1989) ("The denial of such

---

[1] There is some confusion about the precise date of Mr. Wright's actual petition. In his complaint, Mr. Wright alleges that he petitioned the EEOC by letter dated April 26, 2004. Complaint at 2. The EEOC states that it is unable to locate an April 26 letter. EEOC Reply at 2 n.1. In any event, if such a letter does in fact exist, Mr. Wright has not submitted it to the Court.

[2] The EEOC has also been unable to locate copies of its letter denying his request, and Mr. Wright not provided a copy to the Court.

a petition is subject to judicial review, provided that the petitioner can establish the prerequisite Article III standing."); *College Sports Council v. Dep't of Educ.*, 357 F. Supp. 2d 311, 313 (D.D.C. 2005) (holding that the fact that "§ 533(e) requires agencies to receive and consider rulemaking petitions from interested persons does not independently create jurisdiction to challenge denials of such petitions"). In other words, "the grant of a procedural right alone cannot serve as the basis for Article III standing unless the procedures in question are designed to protect some threatened concrete interest of [petitioner's] that is the ultimate basis of his standing." *Gettman*, 290 F.3d at 433 (citations and internal quotation marks omitted).

Thus, Mr. Wright does not have standing to bring Count I simply by virtue of the EEOC's alleged failure to provide grounds for its denial of his petition. *See id.* Rather, to establish Article III standing, he must demonstrate that this procedural right was "designed to protect some threatened concrete interest . . . that is the ultimate basis of his standing." *Id.* The question of whether Mr. Wright has standing to challenge the EEOC's denial of his petition, then, is bound up with the question of whether he has standing to challenge the underlying regulations that he ultimately seeks to repeal, a question to which the Court next turns.

**B.   Standing to Challenge the EEOC's Alleged Failure to Publish Notice of Proposed Rulemakings**

In Counts II and III, Mr. Wright complains that the EEOC violated the APA by failing to publish public notice of two proposed rulemakings. Complaint at 3-4. For each of these claims, however, as for his first, in describing his injury he alleges only that he is "adversely affected" and "aggrieved by Defendant's action." *Id.* The complaint is otherwise silent as to injury in fact, causation, and redressability. It makes no effort to describe *what* injury he has suffered by virtue of

5

the EEOC's alleged failure to abide by APA procedural regulations, how that injury would be remedied by the regulations' repeal, or for that matter any "concrete interest" he has in the outcome of this litigation.[3]  *See Gettman*, 290 F.3d at 433.  Such nondescript and conclusory allegations of injury are not the type of "general factual allegations" from which the Court may presume the "specific facts" necessary to ensure that a plaintiff has standing, *cf. Sierra Club*, 292 F.3d at 898-99, and are insufficient to meet the plaintiff's burden of alleging an injury in fact that is concrete and particularized.  *See Defenders of Wildlife*, 504 U.S. at 560-61; *see also SCRAP*, 412 U.S. at 689 n.14 (noting that a "trifle" is a sufficient injury, so long as it is "identifiable").

Rather, as they stand, Counts II and III of the complaint allege the type of generalized grievance that is plainly insufficient to establish standing.  *See Defenders of Wildlife*, 504 U.S. at 573-74 ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."); *SCRAP*, 412 U.S. at 689 (noting that, to establish standing, the pleadings must allege a "specific and perceptible harm that distinguishe[s] [the plaintiff] from other citizens").

Because he has not alleged a sufficiently concrete injury in fact, *see Defenders of Wildlife*, 504 U.S. at 560-61, or in any way identified his "direct stake" in the outcome of this litigation, *see SCRAP*, 412 U.S. at 689 n.14, Mr. Wright has failed to establish standing to bring

---

[3] The Court notes that Mr. Wright's April 7 letter to the EEOC is written on letterhead for Federal Employees Against Discrimination Inc., a self-described "non-profit corporation dedicated to the elimination of prejudice and discrimination and to the defense of human and civil rights secured by law."  Dkt. #5, Exh. 1.  Nowhere in Mr. Wright's complaint is this organization mentioned, or is organizational standing alleged.

Counts II and III, which challenge the EEOC's alleged failure to publish notice of its proposed rulemakings in 1979 and 2004. And, because he lacks standing to bring these underlying claims, Mr. Wright likewise lacks standing to bring Count I, because he cannot demonstrate that his procedural rights under § 553(e) are moored to "some threatened concrete interest . . . that is the ultimate basis of his standing." *See Gettman*, 290 F.3d at 433.

### III. CONCLUSION

For the foregoing reasons, Mr. Wright lacks standing to bring this action and it will be dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.


Signed: September 27, 2005                               /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge